UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BUSHNELL HAWTHORNE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>        Defendant. | Civil No. 1:18-cv-00760-TSE-MSN |

## RULE 16(B) SCHEDULING ORDER

Upon consideration of the record and the representations made by the parties in their discovery plan, the court makes the following rulings:

1. The Rule 26(f) report (Dkt. No. 63) filed by the parties is approved unless modified by the court herein or hereafter.

   a. The Scheduling Order (Dkt. No. 52) shall not be modified solely by agreement of the parties. Any modifications to the Scheduling Order shall be made with leave of court.

   b. The parties shall meet and confer by March 25, 2019 regarding the number of claims at issue in this matter.

2. Rule 26(a) disclosures, depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

3. No "general objection" may be asserted in response to any discovery demand except to preserve the attorney-client privilege and work product protection.

4. To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

The following provisions shall apply to the filing and noticing of all motions:

1. All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be **delivered to the Clerk's Office addressed to the chambers of the judge** within one day of the electronic filing. *See* "Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

2. All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday consistent with the briefing schedules discussed below. Such motions must be noticed before the Final Pretrial Conference. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above.

3. Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

4. In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be filed no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response must be filed no later than 5:00 p.m. on the following Wednesday, and any reply should be filed as early as possible on Thursday to give the Court time to review all pleadings before the hearing. This expedited

schedule shall apply for non-dispositive motions noticed for a hearing with less than two weeks' notice. If a non-dispositive motion is noticed for a hearing between two and three weeks from the filing date, any response brief must be filed 7 days after service and any reply brief may be filed 3 days after service of the response. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing with three weeks' notice and the briefing schedule provided in Local Civil Rule 7(F)(1) providing for 14 days for a response brief and 6 days for a reply would apply. If a non-dispositive motion is filed and oral argument is waived, any response brief must be filed within 7 days after service and any reply brief within 3 days after service of the response.

     5.     Dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K). Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after service of the motion and a reply brief may be filed 6 days after service of the response. The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs, notwithstanding the provisions of Fed. R. Civ. P. 6(d).

     6.     Any dispositive motion against a *pro se* party must contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

     7.     All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.

     8.     As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating

whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not refuted in the non-movant's brief is admitted for the purpose of deciding the motion for summary judgment.

9.  Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5.  **Local Civil Rule 5 has been amended. The amended version of Local Civil Rule 5 alleviates the need to file a notice of hearing.** The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meet the requirements of Local Civil Rule 5. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004). Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue shall be filed with the motion to seal. In non-jury cases, counsel shall file with the clerk written proposed findings of fact and conclusions of law prior to the beginning of trial.  In jury cases, instructions shall be filed five (5) days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given.

It is so ORDERED.

March 13, 2019
Alexandria, Virginia

/s/
Michael S. Nachmanoff
United States Magistrate Judge