**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| BUSHNELL HAWTHORNE, LLC<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>    Defendant, | Civil Action No. 1:18cv760-TSE-MSN |

**<u>DEFENDANT CISCO SYSTEMS, INC.'S RESPONSIVE CLAIM CONSTRUCTION
BRIEF</u>**

**TABLE OF CONTENTS**

Table of Authorities ....................................................................................................................... ii
Introduction ..................................................................................................................................... 1
Background ..................................................................................................................................... 1
Argument ........................................................................................................................................ 2
    I.    The Court Should Not Consider Any Belated Arguments by Bushnell. ...................... 2
    II.   The Disputed Claim Terms Are Indefinite as a Matter of Law. .................................. 6
Conclusion .................................................................................................................................... 10


# TABLE OF AUTHORITIES

Page(s)

**Cases**

*24/7 Customer, Inc. v. LivePerson, Inc.*,
   235 F. Supp. 3d 1102 (N.D. Cal. 2016) ................................................................................7

*Advanced Fiber Techs. Tr. v. J & L Fiber Servs., Inc.*,
   Case No. 1:07-CV-1191-LEK-DRH, 2010 WL 1948242
   (N.D.N.Y. May 12, 2010) .....................................................................................................3

*Allergan Inc. v. Cayman Chem. Co.*,
   Case No. SACV 07-01316-JVS, 2010 WL 11470342 (C.D. Cal. Jan. 12, 2010) .................3

*Allergan, Inc. v. Athena Cosmetics, Inc.*,
   Case No. SACV 07-1316 JVS (RNBx), 2012 WL 12895366, at *6 n.5
   (C.D. Cal. Feb. 8, 2012), *clarified by Allergan Inc. v. Athena*,
   2012 WL 12898344 (C.D. Cal., May 24, 2012) ...................................................................6

*CardSoft, LLC v. VeriFone, Inc.*,
   807 F.3d 1346 (Fed. Cir. 2015) ............................................................................................6

*Cavallo v. Star Enter.*,
   100 F.3d 1150 (4th Cir. 1996) ..............................................................................................3

*Constant Compliance, Inc. v.*
   *Emerson Process Mgmt. Power & Water Solutions, Inc.*,
   598 F. Supp. 2d 842 (N.D. Ill. 2009) ................................................................................4, 5

*Ernst Haas Studio, Inc. v. Palm Press, Inc.*,
   164 F.3d 110 (2d Cir. 1999) .................................................................................................3

*Federico v. Lincoln Military Housing*,
   Civil Nos. 2:12-cv-80, 2:12-cv-466, 2012 WL 4754595
   (E.D. Va. Oct. 3, 2012) ........................................................................................................5

*Goodman v. Praxair Servs., Inc.*,
   632 F. Supp. 2d 494 (D. Md. 2009) ......................................................................................3

*Industry Access Inc. v. Corelogic, Inc.*,
   Case No. SACV 11-473-JLS, 2014 WL 12775082 (C.D. Cal. July 8, 2014) .......................4

*Intellectual Ventures LLC v. T-Mobile USA Inc.*,
   902 F.3d 1372 (Fed. Cir. 2018) ............................................................................................7

*Ironworks Patents LLC v. Samsung Elec. Co., Ltd.*,
   Case No. 17-cv-01958-HSG, 2018 WL 5603620 (N.D. Cal. Oct. 26, 2018),
   *appeal pending* ...................................................................................................................4

*Kennametal, Inc. v. Ingersoll Cutting Tool Co.*,
   780 F.3d 1376 (Fed. Cir. 2015) ............................................................................................3

*MasterMine Software, Inc. v. Microsoft Corp.*,
   847 F.3d 1307 (Fed. Cir. 2013) ............................................................................................9

*Medtronic, Inc. v. Boston Scientific Corp.*,
   777 F. Supp. 2d. 750 (D. Del. 2011), *aff'd in part, vacated in part on
   other grounds*, 558 Fed. Appx. 998 (Fed. Cir. 2014) ...........................................................5

*Moseley v. Branker*,
   550 F.3d 312 (4th Cir. 2008) ................................................................................................2

*Novosteel SA v. United States*,
   284 F.3d 1261 (Fed. Cir. 2002) ............................................................................................3

*Rembrandt Data Techs., LP v. AOL, LLC*,
   641 F.3d 1331 (Fed. Cir. 2011) ............................................................................................9

*Seneca Ins. Co. v. Shipping Boxes I, LLC*,
   30 F. Supp. 3d 506 (E.D. Va. 2014) .....................................................................................3

*Teva Pharmaceuticals USA, Inc. v. Sandoz*,
   135 S. Ct. 831 (2015) ...........................................................................................................6

*Estate of Thompson v. Sun Life Assurance Co. of Canada*,
   Case No. 4:07-CV-594-Y, 2008 WL 11349842 (N.D. Tex. June 20, 2008) ........................5

**Other Authorities**

Local Civil Rule 7(F)(1) ................................................................................................................5

iii

## INTRODUCTION

Plaintiff Bushnell Hawthorne's ("Bushnell") opening brief presents no claim constructions. *See* Plaintiff Bushnell Hawthorne's Opening Claim Construction Brief, ECF No. 90 ("Pl.'s Brief") at 7 (requesting "that the Court adopt its constructions proposed herein"—*without saying what those constructions are*). Instead, Bushnell discusses the burden of proof and announces its intention to withhold Bushnell's substantive positions about the scope and meaning of the claims until its responsive brief. That is improper.

Despite being aware of Cisco's position from the meet and confer process, Bushnell also has not attempted to articulate any basis on which the Court could conclude that the meaning of any of the five disputed limitations is reasonably certain. *See id.* at 6. For the reasons explained in Cisco Systems, Inc.'s ("Cisco") opening brief, the meaning is not. *See generally* Defendant Cisco Systems, Inc.'s Opening Claim Construction Brief, ECF No. 89 ("Def.'s Brief"). Cisco respectfully asks the Court to hold that the disputed limitations are indefinite. *Id.*

## BACKGROUND

The parties jointly proposed a discovery plan, which (in all relevant respects) the Court approved. *See* [Proposed] Joint Discovery Plan, ECF No. 63 ("Plan"); Rule 16(b) Scheduling Order, ECF No. 68. The Plan required exchanges of proposed terms for construction, and proposed claim constructions. Plan at 25. It also provided for simultaneous opening and responsive claim construction briefs. *Id.*

These exchanges and the corresponding discussion yielded agreement on the meaning of four limitations. *See* Def.'s Brief, at 3-4; *see also* Exhibit A. This process also revealed disputes about the meaning of five limitations, and each party's positions on each. *See* Exhibit B. Cisco

1

identified the disputed limitations as indefinite, whereas Bushnell articulated a construction for the first, and proposed "plain and ordinary meaning" for the rest. *Id.*

Cisco's opening brief both urged the Court to adopt Cisco's constructions (i.e., "indefinite") and explained why Bushnell's competing proposals were incorrect. *See* Def.'s Brief, at 5-15. Bushnell's opening brief, in contrast, failed to articulate any proposed constructions and made no supporting arguments. *See* Pl.'s Brief at 1-7. Bushnell simply invoked the burden of proof, which rests with Cisco on constructions that would render the meaning of the claims invalid, and the presumption of validity. As Bushnell repeats: "Bushnell relies on this position for its opening brief, and intends to respond and refute any adverse claims made by Cisco as part of Bushnell's responsive brief." Pl.'s Brief at 6.

Because Cisco must submit its responsive brief at the same time under the current schedule, Cisco cannot address in writing any arguments first raised by Bushnell in *its* responsive brief. But as explained next, Bushnell cannot properly foreclose Cisco's opportunity to respond by holding its arguments in reserve.

## ARGUMENT

Having chosen not to present any proposed constructions or arguments in favor of such constructions, Bushnell has waived the right to do so. Cisco asks the Court to decline to consider any arguments Bushnell tries to introduce for the first time in response that Bushnell could have raised in its opening brief. If anything, that Cisco bears the burden of proving invalidity militates *against* Bushnell filing the final brief.

### I. The Court Should Not Consider Any Belated Arguments by Bushnell.

In the context of successive briefing, courts routinely hold that arguments raised for the first time in reply are waived. *See, e.g.*, *Moseley v. Branker*, 550 F.3d 312, 325 n.7 (4th Cir. 2008) ("As a general rule, arguments not specifically raised and addressed in opening brief, but raised

for the first time in reply, are deemed waived.") (citing *Cavallo v. Star Enter.*, 100 F.3d 1150, 1152 n.2 (4th Cir. 1996)); *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376, 1385 (Fed. Cir. 2015) (holding that argument first raised in reply brief that prior art did not teach limitations of some dependent claims was waived); *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 512 n.8 (D. Md. 2009) (collecting cases to support proposition that "[c]ourts have broad discretion to decline to consider arguments or issues first raised in a reply brief").

The rationale is clear: it would be unfair to deprive the other party of the chance to respond. *See, e.g.*, *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("Further, the non-moving party ordinarily has no right to respond to the reply brief, at least not until the oral argument. As a matter of litigation fairness and procedure, then, we must treat this argument as waived."); *Seneca Ins. Co. v. Shipping Boxes I, LLC*, 30 F. Supp. 3d 506, 512 (E.D. Va. 2014) (declining to consider argument raised in reply where "waiting until then denied [the adversary] a full opportunity to respond to its arguments"); *Advanced Fiber Techs. Tr. v. J & L Fiber Servs., Inc.*, No. 1:07-CV-1191-LEK-DRH, 2010 WL 1948242, at *2 (N.D.N.Y. May 12, 2010) ("To prevent unfairness to the litigants, courts apply a general rule that 'new arguments may not be made in a reply brief.'" (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999))).

For this reason, courts have held in the precise context of simultaneous claim construction briefing that failure to propose constructions at the proper time waives the right to do so. *See, e.g.*, *Allergan Inc. v. Cayman Chem. Co.*, Case No. SACV 07-01316-JVS (RNBx), 2010 WL 11470342, at *5 (C.D. Cal. Jan. 12, 2010) ("Defendants have provided no reason for their failure to present their argument in their opening brief, which deprived Plaintiffs of an opportunity to respond to Defendants' arguments. Thus, the Court finds that Defendants have waived their right to present a

3

competing claim construction."); *Ironworks Patents LLC v. Samsung Elec. Co., Ltd.*, Case No. 17-cv-01958-HSG, 2018 WL 5603620, at *8 (N.D. Cal. Oct. 26, 2018), *appeal pending* ("Ironworks waived any alternative construction argument for this term by omitting it in the opening brief."); *Constant Compliance, Inc. v. Emerson Process Mgmt. Power & Water Solutions, Inc.*, 598 F. Supp. 2d 842, 845 (N.D. Ill. 2009) (holding that defendant waived right to propose constructions of disputed terms when it failed to propose constructions of the disputed terms pursuant to simultaneous submission order).

In *Constant Compliance*, for example, the district court explained that it had ordered simultaneous submission "expressly to avoid prejudicing either party," and that to allow the defendant to propose constructions later "would eviscerate the purpose of the order by disadvantaging Plaintiff and advancing Emerson." 598 F. Supp. 2d at 845. Similarly, in *Industry Access Inc. v. Corelogic, Inc.*, Case No. SACV 11-473-JLS (FFMx), 2014 WL 12775082, at *7 (C.D. Cal. July 8, 2014), the district court refused to consider a slightly *different* construction than what the party had proposed earlier in the parties' joint claim construction statement, reasoning: "Although both constructions are substantively similar, this approach to claim construction deprives an opposing party of the opportunity to brief fully a party's construction. It also contravenes the exhaustive claim construction procedures set forth by the Court."

There is no reason to depart from this rule. Bushnell knew which constructions were disputed and could have presented arguments to support its proposals in its opening brief. After the meet and confer process, *see supra* at 1-2, Bushnell had all the information it needed to prepare an opening brief setting forth its arguments on the merits. Nonetheless, it chose not to articulate why the Court should adopt its position over Cisco's. The only explanation for Bushnell's choice is a

desire to gain an unfair tactical advantage by depriving Cisco of a meaningful opportunity to respond.[1] *See Constant Compliance*, 598 F. Supp. 2d at 845-46 (holding that defendant waived right to propose construction of disputed terms it knew of but chose not to brief).

That Cisco bears the burden of proof does not help Bushnell. Courts regularly order (and parties regularly together propose) simultaneous briefing in the interests of fairness, even where one party bears the burden of proof. *See, e.g.*, *Federico v. Lincoln Military Housing*, Civil Nos. 2:12-cv-80, 2:12-cv-466, 2012 WL 4754595, at *2 n.1 (E.D. Va. Oct. 3, 2012) (noting simultaneous briefing schedule on jurisdiction). That practice would be untenable if the party without the burden could always simply wait-and-see in its initial brief. Indeed, the normal procedure is for the party that bears the burden to file the final brief. *See* Local Civil Rule 7(F)(1) (movant files opening and reply brief for all motions); *Medtronic, Inc. v. Boston Scientific Corp.*, 777 F. Supp. 2d. 750, 765 (D. Del. 2011), *aff'd in part, vacated in part on other grounds*, 558 Fed. Appx. 998 (Fed. Cir. 2014) (noting that in post-trial briefing, court guidelines provide "the party having the burden of proof on an issue is usually permitted both an opening brief and a reply brief, whereas the opposing party is usually limited to an answering brief"); *Estate of Thompson v. Sun Life Assurance Co. of Canada*, No. 4:07-CV-594-Y, 2008 WL 11349842, at *1 (N.D. Tex. June 20, 2008) ("it has been well settled in this district that the party carrying the burden normally will be permitted to file a reply").

---

[1] Bushnell also declined to stipulate to a request to permit Cisco to file its response a few days after Bushnell's responsive brief, or to file a sur-reply. Ex. C. Even those alternatives would waste additional resources of Cisco, and in the case of a sur-reply, of the Court. But at least they would permit Cisco an opportunity to respond to the merits of any belated arguments. Bushnell's refusal to stipulate to these reasonable requests underscores that Bushnell is attempting to engage in gamesmanship and should suffer the consequences: waiver.

## II. The Disputed Claim Terms Are Indefinite as a Matter of Law.

Bushnell's reliance on the proof burden is especially misplaced here, because the scope and meaning of the disputed limitations, including whether they are indefinite, present pure questions of law. In *Teva Pharmaceuticals USA, Inc. v. Sandoz*, 135 S. Ct. 831, 837-38 (2015), the Supreme Court explained that claim construction can *sometimes* require subsidiary fact-finding. That occurs, for example, when a written instrument uses "technical words or phrases not commonly understood" and extrinsic evidence is introduced to "establish a usage of trade or locality." *Id.* In those cases, the appellate court reviews the trial court's subsidiary findings of fact for clear error. *Id.* at 838.

Such cases are rare,[2] and this is not one of them. Far from the quintessential fact-finding case that involves expert testimony on the meaning of a term, Bushnell has not even advanced proposed constructions *at all*. The parties have submitted no expert declarations. That distinguishes this case from *Allergan, Inc. v. Athena Cosmetics, Inc.*, SACV 07-1316 JVS (RNBx), 2012 WL 12895366, (C.D. Cal. Feb. 8, 2012), *clarified by Allergan Inc. v. Athena*, 2012 WL 12898344 (C.D. Cal., May 24, 2012). In *Allergan*, the district court declined to find waiver where the party alleged to have waived its proposed construction had filed an expert declaration along with its opening brief, in which the expert "detailed his position about the interpretation of alkycarboxy." *Id.* at *6 n.5. The court reasoned that there, "Allergan was sufficiently on notice of Athena's position on the matter and the argument was not waived." *Id.*

---

[2] *See, e.g*, *Teva*, 135 S. Ct. at 840 ("[S]ubsidiary fact-finding is unlikely to loom large in the universe of litigated claim construction."); *CardSoft, LLC v. VeriFone, Inc.*, 807 F.3d 1346, 1350 (Fed. Cir. 2015) ("But as we have repeatedly held after *Teva*, it is not enough that the district court may have heard extrinsic evidence during a claim construction proceeding—rather, the district court must have actually made a factual finding in order to trigger *Teva*'s deferential review. . . . And even then, we may nevertheless review the district court's constructions de novo if the intrinsic record fully determines the proper scope of the disputed claim terms.").

6

Instead, this is a case where construction of the written instrument (the '951 Patent) depends on the ordinary meaning of its text in view of the intrinsic patent record. As in the cases cited in Cisco's opening brief, the indefiniteness of the five disputed limitations is apparent as a matter of law—despite the burden of proof and presumption of validity. *See, e.g., Intellectual Ventures LLC v. T-Mobile USA Inc.*, 902 F.3d 1372, 1381 (Fed. Cir. 2018) (finding limitation indefinite based on terms of patent where it was possible to find "different meanings for different users"); *24/7 Customer, Inc. v. LivePerson, Inc.*, 235 F. Supp. 3d 1102, 1107-08 (N.D. Cal. 2016) (finding limitation "said interaction data" indefinite for lack of antecedent basis in claim and specification). Bushnell did not decline to advance an interpretation because it was waiting to see the report of Cisco's expert or other source of facts; it waited for impermissible tactical reasons.

To review, four of the disputed claim terms lack an antecedent basis and are indefinite because their scope and meaning is not otherwise reasonably certain:

1. **said different IP Address"** in the claim term "sixth processor that analyzes a request submitted to *said different IP Address*" (claims 1, 15) is indefinite because there is no "different IP address" that appears earlier in claim 1. The only possible addresses that could qualify reside in the claimed "fifth processor," which refers to *three* sets of IP addresses. It is impossible to know to which (if any) this part of the sixth processor limitation refers, and impossible to ascertain the claim's outer bounds with reasonable certainty. In the meet and confer process, Bushnell proposed a construction that its opening brief does not even try to defend, and that in any event improperly seeks to rewrite the limitation and is still ambiguous.[3]

---

[3] Specifically, Bushnell proposed "an IP Address supplied by the fifth processor that is different from the IP Address for the information requested by the user or computer at the point of origin." *See* Ex. B at 1; *see also* Def.'s Brief at 9-10.

7

2. **"a different IP Address"** in the claim term "wherein the system further comprises maintaining a list of bit strings or characters sets for which *a different IP Address* should not be supplied" (claim 1) also lacks any reasonably certain antecedent. There is no way to tell *what* different IP address the limitation is talking about.

3. **"said IP Address"** in the claim term "a seventh processor that receives a request to connect to a computer at *said IP Address*" (claim 8) is indefinite because there is no way to tell whether this limitation refers to the "said different IP Address" limitation of the sixth processor (itself indefinite) or to something else.

4. **"the different IP Address"** in the claim term "a tenth processor *at the different IP Address*" (claim 13) is indefinite for the same reason.

Bushnell's opening brief should have said what Bushnell believes is the appropriate construction for each of these limitations and explained why the Court could conclude that their scope and meaning is reasonably certain. It elected not to even try to do so. As a result, there is nothing for Cisco to refute.

The fifth disputed claim term is indefinite because it inappropriately mixes apparatus and method elements:

5. **"wherein the *system* further comprises *maintaining* a list of bit strings or character sets"** is directed to a "computer system," and most limitations are passive apparatus elements, yet the last limitation requires the *action* of "maintaining a list . . . ." What is more, the last limitation requires "monitoring" networking requests to update the list. It is thus unclear whether simply making the system or offering it for sale infringes, or whether the system must also be used to maintain, monitor, and update the list.

8

If Bushnell believed that the final limitation did not mix apparatus and method claims because the claim language reflects mere capability (rather than an apparatus that also requires action to take place), it should have said so and explained why.[4] Bushnell did not, and for the reasons explained in Cisco's opening brief, if Bushnell had made this argument, it would be incorrect.

---

[4] The closest Bushnell comes to an affirmative argument is to assert that this limitation is more like the one the Federal Circuit interpreted in *MasterMine Software* than in the seminal *IPXL Holdings* case—without discussing the relevant language of the '951 Patent. *See* Pl.'s Brief at 6 (citing *MasterMine Software, Inc. v. Microsoft Corp.*, 847 F.3d 1307, 1313 (Fed. Cir. 2013)). Bushnell's assertion is wrong. *MasterMine Software* is one of the few cases to hold that apparatus claims containing active verbs were fairly read to cover capability rather than action, and therefore not indefinite. 847 F.3d at 1315-16. But that was because the verbs described the capabilities of a particular sub-element, a "reporting module," and the Court interpreted the language to cover a module with such capabilities. *Id.* In contrast, and as the discussion of other relevant cases in *MasterMine Software* underscores, the final disputed limitation of the '951 Patent is indefinite for claiming mixed apparatus and method elements because it is directed to the entire system, and the system must also perform actions: "wherein the *system further comprises maintaining* a list of bit strings or character sets" (claim 1, emphasis added); *see also* Def.'s Brief at 13-15 (explaining why the language is most like *Rembrant* and that in addition to "maintaining," the final limitation requires active "monitoring" and "updating" (citing *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011))).

9

## CONCLUSION

For the above reasons, the Court should hold that the five disputed terms are indefinite.

Dated: May 1, 2019     **CISCO SYTEMS, INC.**

                                        /s/
                                       Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
dabney.carr@ troutman.com
Robert A. Angle (VSB No. 37691)
robert.angle@troutman.com
Laura Anne Kuykendall (VSB No. 82318)
la.kuykendall@ troutman.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Elizabeth R. Brannen (admitted *pro hac vice*)
elizabeth.brannen@strismaher.com
Kenneth J. Halpern (admitted *pro hac vice*)
ken.halpern@strismaher.com
STRIS & MAHER, LLP
725 South Figueroa Street, Suite 1830
Los Angeles, CA 90017
Telephone: 213.995.6800
Facsimile: 213.261.0299

*Counsel for Defendant Cisco Systems, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, May 01, 2019, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Thomas K. Bick
>Brian S. Seal
>Thomas G. Southard
>Butzel Long, P.C.
>1909 K St NW, Suite 500
>Washington, DC 20006
>bick@butzel.com
>seal@butzel.com
>southard@butzel.com
>
>Mitchell S. Zajac
>Butzel Long, P.C.
>150 W. Jefferson Avenue, Suite 100
>Detroit, MI 48226
>zajac@butzel.com
>
>Charles B. Molster, III
>Law Offices of Charles B. Molster, III, PLLC
>2141 Wisconsin Avenue NW, Suite M
>Washington DC 20007
>cmolster@molsterlaw.com
>
>*Counsel for Plaintiff Bushnell Hawthorne, LLC*

>/s/
>Dabney J. Carr, IV (VSB No. 28679)
>dabney.carr@ troutman.com
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia  23219
>Telephone: (804) 697-1468
>Facsimile: (804) 697-1339
>
>*Counsel for Defendant Cisco Systems, Inc.*